IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRADFORD O. BRYANT,

    Petitioner,

v.

ANTHONY KANE, Warden,

    Respondent.

No. C 05-00723 JSW

**ORDER DENYING RESPONDENT'S MOTION TO DISMISS**

This matter comes before the Court on consideration of Respondent Anthony Kane's ("Respondent") motion to dismiss the petition for writ of habeas corpus filed by Petitioner Bradford O. Bryant ("Petitioner"). Having considered the motion, the opposition thereto, and relevant legal authority, the motion is DENIED.

## BACKGROUND

On February 17, 2005, Petitioner filed a petition for writ of habeas corpus challenging the decision of former Governor Gray Davis to reverse the Board of Prison Term's ("BPT") decision to grant Petitioner parole in February 2003. Respondent moves to dismiss the petition on the ground that recent California Supreme Court authority interpreting California's parole scheme establishes that Petitioner has no federally protected liberty interest in parole and, therefore, the Court lacks jurisdiction over the matter.

## ANALYSIS

In general, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of*

*Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). However, "a state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole release will be granted' when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest." *McQuillion v. Duncan*, 306 F.3d 895, 901 (9th Cir. 2002) (citing *Board of Pardons v. Allen*, 482 U.S. 369, 377-78 (1987)*; Greenholtz*, 442 U.S. at 12).

      The California statutory provision at issue provides, in pertinent part, that "[t]he panel or the board, sitting en banc, *shall* set a release date *unless* it determines that the gravity of the current convicted offense or offenses ... is such that consideration of the public safety requires a more lengthy period of incarceration for this individual and that a parole date, therefore, cannot be fixed ... ." Cal. Penal Code § 3041(b) (emphasis added). This "shall-unless" language is similar to the statutes that were at issue in *Allen* and *Greenholtz*. *See Allen*, 482 U.S. at 376 ("*Subject to the following restrictions*, the board *shall* release on parole ... any person confined in the Montana state prison or the women's correction center ... when in its opinion there is reasonable probability that the prisoner can be released without detriment to the prisoner or the community.") (quoting Mont. Code Ann. § 46-230201 (1985) (emphasis added and in original); *Greenholtz*, 442 U.S. at 11 ("[w]henever the Board of Parole considers the release of a committed offender who is eligible for release on parole*,* it *shall* order his release *unless* it is of the opinion that his release should be deferred because ... ") (quoting Neb. Rev. Stats. § 83-1,114(1) (1976)) (emphasis added).

      Recognizing the similarity between California's statutory scheme and the statutory scheme at issue in *Allen* and *Greenholtz*, the Ninth Circuit has held that "California's parole scheme gives rise to a cognizable liberty interest in release on parole. The scheme creates a presumption that parole release will be granted unless the statutorily defined determinations are made." *McQuillion*, 306 F.3d at 902 (internal quotations and citations omitted). That court reiterated this holding in *Biggs v. Terhune*, 334 F.3d 910, 914 (9th Cir. 2003) ("[I]t is clear that "California's parole scheme gives rise to a cognizable liberty interest in release on parole.") (quoting *McQuillion*, 306 F.3d at 902).

Respondent contends that the California Supreme Court's decision in *In re Dannenberg*, 34 Cal. 4th 1061 (2005) undermines the Ninth Circuit's holdings in *Biggs* and *McQuillion*, and Respondent relies heavily on *Sass v. California Board of Prison Terms*, 376 F. Supp. 2d 975 (E.D. Cal. 2005) in support of this argument. This Court disagrees with the *Sass* court's conclusion that the holding in *Dannenberg* clearly demonstrates California's parole scheme is not mandatory. The issue presented in *Dannenberg* was whether the BPT was required to set uniform parole dates under Section 3041(a) before it determined whether a particular inmate was suitable for parole under 3041(b). *See Dannenberg*, 34 Cal. 4th at 1069, 1077. It concluded the answer to that question was no. *Id.* at 1096. However, the *Dannenberg* court used language throughout the opinion which suggests that it presumed an inmate retained a protected liberty interest in the possibility of parole. *See, e.g., id.* at 1094 (noting continued reliance on commitment offense "might thus also contravene the inmate's constitutionally protected expectation of parole"), 1095 n.16 ("well established principles" regarding parole discretion with deferential judicial oversight "define and limit the *expectancy* in parole from a life sentence *to which due process interests attach*"). Furthermore, California courts addressing the issue post *Dannenberg* continue to assume a protected liberty interest exists. *See In re Scott*, 133 Cal. App. 4th 573 (2005); *In re DeLuna*, 126 Cal. App. 4th 585 (2005).

Accordingly, this Court finds itself in agreement with a majority of courts that have considered the impact of *Dannenberg* on the issue presented by Respondent's motion and cannot find that the *Dannenberg* opinion represents a clear holding that California's parole scheme is not mandatory. *See, e.g., Blankenship v. Kane*, 2006 WL 515627 at *3 (N.D. Cal. Feb. 28, 2006) (citing cases). Accordingly, under the holdings of *McQuillion* and *Biggs*, Petitioner has a federally protected liberty interest in parole, the Court has jurisdiction over this matter, and Respondent's motion is DENIED.

## CONCLUSION

In light of the Court's denial of Respondent's motion, Respondent must file and serve on Petitioner on or before April 28, 2006, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be

3

issued. Respondent must file with the answer a copy of all portions of the administrative record that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on Respondent on or before May 30, 2006.

**IT IS SO ORDERED.**

Dated: March 27, 2006

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE